United States District Court
Southern District of Texas

**ENTERED**

March 20, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **SAHIL KUMAR,** | § |
| | § |
| **Petitioner,** | § |
| | § |
| **VS.** | § **CIVIL ACTION NO. 4:26-CV-00984** |
| | § |
| **PAUL MCBRIDE,** *et al.*, | § |
| | § |
| **Respondents.** | § |
| | § |

**ORDER**

Before the Court is Petitioner Sahil Kumar's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (ECF No. 8). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Dismiss.

## I.      BACKGROUND

The parties do not dispute the following facts. Petitioner Sahil Kumar is a citizen of India who entered the United States without inspection in April of 2024 after fleeing from religious persecution. ECF No. 10 at 2. He filed for asylum within a year of entry. *Id.*

Petitioner was taken into custody in November of 2025. *Id.* at 4. ICE served a Notice to Appear ("NTA") charging Petitioner with removability pursuant to Immigration and Nationality Act ("INA") section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place

1 / 3

other than as designated by the Attorney General. ECF No. 8. at 2. He is currently detained at the Houston Contract Detention Facility. ECF No. 1 at 5.

## II.    ANALYSIS

At the outset, the Court agrees with Respondents that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). However, the Court concludes that, as applied to Petitioner, § 1225(b)(2) violates the Fifth Amendment's Due Process Clause

The Court recently addressed a nearly identical set of facts in *Salvador Rodriguez v. Frink*, No. 4:26-CV-00798 (S.D. Tex. Mar. 13, 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, No. 4:26-CV-00798 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the reasons articulated in that case, the Court reaches the same conclusion here. Because the Court agrees with Petitioner that his ongoing detention violates the Due Process Clause, it declines to address his additional arguments.

## III.    CONCLUSION

For the same reasons previously articulated in *Salvador Rodriguez*, the Court concludes that "the appropriate remedy [for the violation of Petitioner's due process rights] is a bond hearing at which the Government bears the burden of proving by clear and convincing evidence that 'continued detention is needed to prevent [Petitioner]] from fleeing or harming the community.'" *Salvador Rodriguez*, No. 4:26-CV-00798 (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 213-14 (3d Cir. 2020)). Other courts addressing similar circumstances have ordered the same or similar remedies. *E.g., Armando Gomez Hernandez, v. ICE Field Off. Dir., El*

2 / 3

*Paso, Texas et al*, No. EP-26-CV-67-KC, 2026 WL 503958, at *3 (W.D. Tex. Feb. 23, 2026) (ordering bond hearing where government bears the burden to prove flight risk or danger by clear and convincing evidence); *Rodriguez v. Bondi*, No. EP-26-CV-00292-DB, 2026 WL 523055, at *2 (W.D. Tex. Feb. 25, 2026) (same); *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (ordering immediate release).

The Court therefore **ORDERS** as follows.

1. Respondents must provide Petitioner with a bond hearing before an IJ at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a risk of flight or a danger to the community. **Respondents must provide this hearing within five (5) days, or else release Petitioner.**

2. Respondents must file an advisory with the Court **on or before March 26, 2026**, informing the Court of the result of the hearing and Petitioner's custody status.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case on or before April 9, 2026.

   **IT IS SO ORDERED.**

   Signed at Houston, Texas on March 19, 2026.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE