United States District Court
Southern District of Texas
**ENTERED**
September 30, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SAHIL KUMAR,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-00984** |
| | § | |
| **PAUL MCBRIDE, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |
| | § | |

**ORDER**

Before the Court is Petitioner Sahil Kumar's Motion to Enforce the Court's March 19, 2026 Order, or Alternatively, Renewed Habeas Corpus Petition. ECF No. 14. For the following reasons, the Court **GRANTS IN PART** the Motion to Enforce.

## I. BACKGROUND

The parties do not dispute the following facts. Petitioner Sahil Kumar is a citizen of India who entered the United States without inspection in April of 2024 after fleeing from religious persecution. ECF No. 10 at 2. He filed for asylum within a year of entry. *Id.* Petitioner was taken into custody in November of 2025. *Id.* at 4. ICE served a Notice to Appear ("NTA") charging Petitioner with removability pursuant to Immigration and Nationality Act ("INA") section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. ECF No. 8. at 2.

On March 19, 2026, this Court ordered the Government to provide Petitioner with a bond hearing at which "the Government bear[ed] the burden of proving, by clear and convincing evidence, that Petitioner present[ed] a risk of flight or a danger to the community." *See* ECF No. 12 at 3. Respondents held bond hearing for Petitioner, at which the immigration judge ("IJ") denied bond on the following grounds: (1) [F]light risk; (2) the denial of [Petitioner's] asylum application; (3) [Petitioner had] entered the United States without inspection; and (4) the absence of family members in the country." ECF No. 14 at 4; ECF No. 16 at 1. Petitioner did not appeal the bond decision to the Board of Immigration Appeals. ECF No. 14 at 4; ECF No. 16 at 1.

Petitioner has been detained since November 12, 2025, or for 323 days. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 8 at 1.

## II. ANALYSIS

Petitioner argues, among other claims, that his detention violates his Fifth Amendment right to due process of law. Because the Court agrees that Petitioner's detention violates his procedural due process rights, it declines to address his additional claims.

The Court has previously concluded that ICE's re-detention of a noncitizen who was previously released on an Order of Release on Recognizance or similar release order without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. *See Betancourth v. Tate, et al.*, 822 F.Supp.3d 762, 768-770 (S.D. Tex. 2026); *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at * 4-6 (S.D.

Tex. Feb. 25, 2026). The Court declines to reconsider its prior decisions on this issue and concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

Although Petitioner's situation differs from the above-cited cases in that he later received a bond hearing at which the IJ denied bond, the Court is not persuaded that these hearings cured the violation of Petitioner's due process rights. Even assuming, *arguendo*, that these bond hearings cured the initial violation of Petitioner's due process rights, Petitioner's detention, which has persisted for over ten months without a hearing at which the Government bore the burden of justifying his continued detention, has now become unreasonably prolonged. *See Velasco Lopez v. Decker*, 978 F.3d 842, 855 (2d Cir. 2020) (holding that a fifteen month period of detention was unreasonably prolonged); *Hernandez-Lara v. Lyons*, 10 F.4th 19, 35 (1st Cir. 2021) (holding that a ten month period of detention under was unreasonable); *Valladares Mata v. Bond[i]*, No. 4:26-CV-01459, 2026 WL 1146779, at *2 (S.D. Tex. Apr. 27, 2026) (finding five month period of detention was unreasonably prolonged).

For this reason, the Court concludes that Petitioner's ongoing detention violates his Fifth Amendment right to due process.

## III. REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

In this case, Petitioner has been deprived of his liberty in violation of the Due Process Clause for 323 days. Given the severity of the ongoing unconstitutional deprivation of Petitioner's

liberty, the Court concludes that immediate release from custody is required. The Court agrees with other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention"); *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025) (ordering release because "[a bond] hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of his prior release order.
2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel of the time and place of release **no less than three hours** prior.
3. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar

hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before October 5, 2026**, informing the Court of the status of Petitioner's release and the Government's compliance with this order.

**IT IS SO ORDERED.**

Signed at Houston, Texas on September 30, 2026.

Keith P. Ellison
United States District Judge